UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL LOLAND, II, ET. AL.** | : | **DOCKET NO. 2:11-CV-00236** |
| **VS.** | : | **JUDGE MINALDI** |
| **ACADEMY LOUISIANA CO. LLC, ET. AL.** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

For the reasons stated herein, this matter is ordered to be **TRANSFERRED** to the United States District Court Western Division of Louisiana, Lafayette Division, pursuant to 28 U.S.C. § 1406(a).

### *Facts and Procedural History*

On January 7, 2011, Michael Loland, II, and Suzanne Loland, individually and as natural tutors of their minor child Hailey Loland, filed suit in the 23rd Judicial District Court for the Parish of Ascension State of Louisiana. Doc. 1, att. 2. In their initial complaint plaintiffs' named Academy Louisiana Co, LLC, Academy LTD, Sportspower LTD, Trifecta Manufacturing, LTD, Zurich Services Corporation Inc, and Zurich American Insurance Co, as defendants. Doc. 1, att. 2.

In their initial complaint, plaintiffs alleged that on or about August 1, 2010, the minor Hailey Loland was riding on a towable inner-tube behind a boat in the Atchafalaya Basin in Southeast Louisiana when, without warning, the fabric supporting the towable separated from the inner-tube, severely and permanently injuring the child. Doc. 1, att. 2, p. 2. On February 10, 2011, defendants filed a notice of removal in the United States District Cour, Western District of

Louisiana, Lake Charles Division, claiming diversity jurisdiction pursuant to 28 U.S.C. §1332(a). Doc.1.

After filing their Notice of Removal, defendants Academy Louisiana Co. LLC, Zurich Services Corp., and Zurich American Insurance Co., filed a Declinatory Exception of Improper Venue in this court, on February 16, 2011.  Doc. 4.  Defendants argue in their Exception that since the accident took place in Calcasieu Parish and because the towable was purchased in East Baton Rouge Parish, the proper venue 'in the interest of justice' would be Calcasieu Parish or East Baton Rouge Parish.  Doc. 4, p. 2.  Furthermore, defendants request that plaintiffs' petition be dismissed with prejudice or be transferred to the United States District Court for the Middle District of Louisiana.  Doc. 4, p. 3.

Subsequently, plaintiffs filed an unopposed amended complaint on May 31, 2011.  Doc. 11.  In their amended complaint plaintiffs allege that the accident giving rise to their cause of action occurred on the Atchafalaya Basin in St. Martin Parish, Louisiana, and therefore venue is proper in the Western District of Louisiana because St. Martin Parish falls within the jurisdiction of the Western District.  Doc. 11, pg. 2.

## *Law and Analysis*

Defendant's Notice of Removal alleges that the state court action was removable to the United States District Court, Western District of Louisiana, Lake Charles Division, pursuant to 28 U.S.C. § 1441(a) and § 1446, because the state court in which this action was commenced is within this Court's Judicial District.  Doc. 1, p. 2.  28 U.S.C. § 1441(a) states "…any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant, or defendants, to the district court of the United States for the *district* and *division* embracing the place where such action is pending."  28

U.S.C. § 1441(a) (emphasis supplied).  Prior to removal, this action was pending in the 23rd Judicial District Court, Parish of Ascension, State of Louisiana. Doc. 1, p. 1.  Ascension Parish falls within the purview of the United States District Court Middle District of Louisiana. *See* 28 U.S.C. § 98(b).  Consequently, Defendants Notice of Removal is defective, as it should have originally been filed in the United States District Court Middle District of Louisiana.

However, Plaintiffs' amended their complaint to allege that the accident giving rise to their claim occurred on the Atchafalaya Basin, in St. Martin Parish.  Doc. 11, p. 2.  St. Martin Parish is within the jurisdiction of the United States District Court, Western District of Louisiana, Lafayette Division.  *See* 28 U.S.C. § 98(b); LR 77.3W.  Therefore, the Western District, Lafayette Division has jurisdiction over this matter pursuant to 28 U.S.C § 1332, and venue is proper in that court pursuant to 28 U.S.C. § 1391.

While the United States District Court, Western District of Louisiana, Lake Charles Division, has jurisdiction over this matter, venue in this division is improper.  *See* LR 77.3W.  However this court is not without the means to remedy this defect, and an inner division transfer may be effected through the use of 28 U.S.C § 1406(a), which grants the district court the power to transfer a case to any "district or division in which it could have been brought."  28. U.S.C. U.S.C § 1406; *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634, cert. denied .

## Conclusion

In consideration of the above, this court finds that venue is improper in the United States District Cour.t Western District of Louisiana. Lake Charles Division.  Therefore, in order to more efficiently administering the business of the court, and in the interests of justice this matter shall be **TRANSFERRED** to the Lafayette Division of the United States District Court, Western District of Louisiana pursuant to 28 U.S.C. § 1406(a).

THUS DONE this 28th day of June, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE